1  SEYFARTH SHAW LLP
   Andrew M. Paley (SBN 149699)
2  E-mail: apaley@seyfarth.com
   Sheryl L. Skibbe (SBN 199441)
3  E-mail: sskibbe@seyfarth.com
   Eileen C. Zorc (SBN 233797)
4  E-mail: ezorc@seyfarth.com
   2029 Century Park East, Suite 3500
5  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
6  Facsimile: (310) 201-5219
7
8  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
9

FILED
CLERK, U.S. DISTRICT COURT

NOV  8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13 | JACK JIMENEZ; individually and on      ) CASE NO. **CV10-8486** AHM
14 | behalf of other members of the general  ) (FFMx)
     public similarly situated;             )
15 |                                         ) **NOTICE OF REMOVAL OF**
                                             ) **CIVIL ACTION;**
16 |              Plaintiff,                  ) **DECLARATIONS OF EILEEN C.**
                                             ) **ZORC AND SHERYL LESTER**
17 |       v.                                )
                                             ) [28 U.S.C. Section 1331 and 1441(b)]
18 | ALLSTATE INSURANCE COMPANY, )
     an Illinois corporation; and DOES 1    )
19 | through 100, inclusive,                 )
                                             )
20 |              Defendant.                 )
                                             )
21 | _____ )

22

23        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

24 DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

25 RECORD:

26        PLEASE TAKE NOTICE that defendant Allstate Insurance Company

27 ("Defendant" or "Allstate") files this Notice of Removal pursuant to 28 U.S.C.

28

NOTICE OF REMOVAL OF CIVIL ACTION

12830079v.1

1  sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C.

2  section 1332(d)(2), to effect the removal of the above-captioned action, which was

3  originally commenced in the Superior Court of the State of California in and for

4  the County of Los Angeles.  This Court has original jurisdiction over the action

5  pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following

6  reasons:

7  **BACKGROUND**

8  1.      On or about September 30, 2010, Jack Jimenez ("Plaintiff") filed a

9  class action complaint against Defendant alleging claims for failure to pay

10  overtime wages, failure to provide meal and rest periods, failure to pay wages

11  timely upon termination, failure to provide accurate itemized wage statements, and

12  unfair competition on behalf of the putative class of employees and former

13  employees in the position that Plaintiff identifies as "Claims Adjusters" or who

14  performed similar duties (the "Complaint").  Plaintiff also seeks injunctive and

15  declaratory relief.  A true and correct copy of the Complaint is attached hereto as

16  Exhibit A.

17  **TIMELINESS OF REMOVAL**

18  2.      The Complaint was served on Defendant on October 8, 2010.  Eileen

19  Zorc Declaration ("Zorc Decl.") ¶ 2, Exhibit A.  This Notice of Removal is timely

20  as it is filed within thirty days of the date the Complaint was served upon

21  Defendant.  28 U.S.C. § 1446(b).  Allstate answered the Complaint in the state

22  court on November 5, 2010.  Zorc Decl. ¶ 3.  A true and correct copy of the

23  Answer is attached hereto as Exhibit "B.

24  **ORIGINAL JURISDICTION—CLASS ACTION FAIRNESS ACT**

25  3.      This Court has original jurisdiction of this action under CAFA,

26  codified in pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action

27  is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court

28

-2-

12830079v.1

1   has original jurisdiction over the action, because the aggregated amount in
2   controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a
3   class action in which at least one class member is a citizen of a state different from
4   that of Defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of
5   putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B).

6                          **Diverse Citizenship of the Parties**

7        4.      **Plaintiff's Citizenship.** Plaintiff alleges and Defendant is informed
8   and believes, and on that basis alleges, that Plaintiff is currently a resident of the
9   State of California. *See* Ex. A, ¶ 5. To establish citizenship for diversity purposes,
10  a natural person must be both (a) a citizen of the U.S., and (b) a domiciliary of one
11  particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.
12  1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins.*
13  *Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges and Defendant is
14  informed and believes, and on that basis alleges, that Plaintiff was domiciled in
15  California while he worked in Los Angeles County, as alleged in the Complaint,
16  and, therefore, Plaintiff is, or was at the institution of this civil action, a citizen of
17  California. *See* Ex. A, ¶¶ 4-5.

18       5.      **Defendant's Citizenship.** Pursuant to 28 U.S.C. Section 1332(c), "a
19  corporation shall be deemed to be a citizen of any State by which it has been
20  incorporated and of the State where it has its principal place of business."
21  Defendant is now, and ever since this action commenced has been, incorporated
22  under the laws of the State of Illinois, with its principal place of business in
23  Northbrook, Illinois. Declaration of Sheryl Lester ("Lester Decl."), ¶ 4.
24       6.      Defendant's principal place of business is Illinois because the
25  appropriate test to determine a corporation's principal place of business is the
26  "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Under
27  the "nerve center" test, the principal place of business is the state where the
28

1   "corporation's officers direct, control, and coordinate the corporation's activities"
2   and where the corporation maintains its headquarters. *Id.* Northbrook, Illinois is
3   the site of Defendant's "national office" for purposes of performing executive
4   functions. Lester Decl., ¶ 5. Defendant's executive operations are managed from
5   this location, including but not limited to, those operations relating to
6   administering company-wide policies and procedures, legal affairs, and general
7   operations of its insurance business. *Id.* Defendant's Chief Executive Officer
8   maintains his office in Illinois. *Id.* Since Defendant's "nerve center" is in Illinois,
9   then its principal place of business is Illinois. Accordingly, Defendant is, and has
10  been at all times since this action commenced, a citizen of Illinois. As a result,
11  Defendant is not now, and was not at the time of the filing of the Complaint, a
12  citizen of the state of California within the meaning of the Acts of Congress
13  relating to the removal of cases.

14       7.    **Doe Defendants.** Pursuant to 28 U.S.C. Section 1441(a), the
15  residence of fictitious and unknown defendants should be disregarded for purposes
16  of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v.*
17  *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants
18  are not required to join in a removal petition). Thus, the existence of Doe
19  defendants one through one-hundred, inclusive, does not deprive this Court of
20  jurisdiction.

21                    **Amount in Controversy**
22       8.    The claims of the individual members in a class action are aggregated
23  to determine if the amount in controversy exceeds the sum or value of $5,000,000.
24  28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to
25  be appropriate under CAFA "if the value of the matter in litigation exceeds
26  $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the
27  defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive

28

12830079v.1

1   relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,

2   at 49.  Moreover, the Senate Judiciary Committee's Report on the final version of

3   CAFA makes clear that any doubts regarding the maintenance of interstate class

4   actions in state or federal court should be resolved in favor of federal jurisdiction.

5   S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters

6   in controversy' in a purported class action 'do not in the aggregate exceed the sum

7   or value of $5,000,000,' the court should err in favor of exercising jurisdiction over

8   the case . . . .  Overall, new section 1332(d) is intended to expand substantially

9   federal court jurisdiction over class actions.  Its provisions should be read broadly,

10  with a strong preference that interstate class actions should be heard in a federal

11  court if properly removed by any defendant.").

12        9.     Although Plaintiff has not alleged the amount of his individual

13  damages, or alleged the damages of the putative class, it is clear that the alleged

14  amount in controversy in this putative class action exceeds, in the aggregate,

15  $5,000,000.  The Complaint alleges a putative class that consists of "greater than

16  three-hundred (300) individuals."  Ex. A, ¶ 18(a).  As set forth below, the amount

17  in controversy implicated by the class-wide allegations exceeds $5,000,000.

18  Defendant denies that Plaintiff or the putative class is entitled to anything by the

19  Complaint, as Plaintiff's claims rest on faulty assumptions.  Nevertheless, the

20  amount in controversy is dictated by Plaintiff's claims, not the merits.  Plaintiff

21  alleges multiple sources of potential remedies and penalties in the Complaint:  (1)

22  allegedly unpaid straight time and overtime wages; (2) meal and rest break

23  premium pay; (3) waiting time penalties; (4) wage statement penalties, and (5)

24  attorneys' fees.  Ex. A.  The Complaint alleges that Defendant violated California

25  Labor Code sections 201-203, 226, 515, 1194, and 1198 and Business and

26  Professions Code section 17200.

27

28

-5-

12830079v.1

1      10.   Plaintiff seeks to represent "all current and former California-based

2 'Claims Adjusters,' or persons with similar titles and/or similar job duties, who

3 work(ed) for Allstate Insurance Company within the State of California at any time

4 during the period from September 29, 2006 to final judgment" who are allegedly:

5 (a) owed straight time wages; (b) owed overtime; (c) owed compensation for not

6 being provided meal and rest periods; (d) not timely furnished with accurate

7 itemized wage statements; and (e) not timely paid their wages upon termination.

8 Ex. A, ¶¶ 16, 19, 24-28.

9      11.   In 2010, Defendant has employed in California approximately 754

10 "Claims Adjusters," or employees who perform similar duties as alleged in the

11 Complaint.  Lester Decl., ¶ 6.  The turnover rate for this group of employees has

12 remained roughly constant over the alleged class period and, therefore, Defendant

13 calculates Plaintiff's purported allegation of damages using the number of

14 employees in 2010.  (The number of Claims Adjusters (including employees with

15 similar duties) has decreased over the putative class period, as the total was

16 approximately 863 in 2006.)  *Id.*  The average hourly rate of these employees in

17 2010 is approximately $31.12 per hour.  The average hourly rate for the Claims

18 Adjusters between 2006 and 2010 is $29.27.  *Id.* at ¶ 7.

19      12.   Based on the number of employees and Plaintiff's claims, the amount

20 in controversy for unpaid wages, missed meal and rest breaks, inaccurate wage

21 statements and waiting time penalties as alleged in the Complaint is at least

22 $5,000,000, the jurisdictional minimum requirement.  In addition, Plaintiff has

23 asserted class claims for restitution and injunctive relief for unfair competition,

24 which if proven to be true, would further increase the amounts in controversy.

25 Plaintiff also seeks attorneys' fees.  *See* Ex. A, Prayer for Relief at pp. 16-19.  As

26 Plaintiff has not alleged his particular damages, reasonable estimates of the alleged

27 amount in controversy are appropriate.  *Abrego Abrego v. The Dow Chemical Co.,*

28

-6-

12830079v.1

443 F.3d 676, 688-690 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in damages," and a court will consider facts in the removal petition to determine whether the jurisdictional requirements are met).

**(A)  Labor Code § 226(e)**

13.   The Complaint alleges that Defendant failed to provide the class with accurate itemized wage statements, in violation of California Labor Code section 226(a). Ex. A, ¶¶ 69-74.  Plaintiff alleges that the penalty under Labor Code section 226(e) is "the greater of their actual damages… or an aggregate penalty not exceeding four thousand dollars per employee." Ex. A, ¶ 73.  The statute of limitations for recovery of penalties under Labor Code section 226 is one year. Cal. Civ. Proc. Code § 340(a).

14.   Courts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. July 19, 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate); *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D. Cal. Apr. 30, 2007) (concluding that plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." *Id.* at 13).

15.   Based on Labor Code section 226(e), which provides that damages are the greater of all actual damages or $50 for the first violation and $100 for every violation thereafter, per employee, up to $4,000.  Thus, based on Plaintiff's allegation, the money allegedly owed would equal $4,000 x 754, or $3,016,000.

**(B)   Labor Code § 203 (Waiting Time Penalties)**

16.   In addition, Plaintiff seeks waiting-time penalties under California Labor Code section 203 for the putative class for each terminated hourly employee who quit but was not paid wages within 72 hours of termination.  Ex. A, ¶¶ 64-65. Plaintiff and putative class members seek statutory penalties under Labor Code section 203 of up to 30 days' pay for failure to pay all wages due at termination Ex. A, ¶ 67.  Plaintiff alleges that Defendant never paid Plaintiff or putative class members wages due for missed meal and rest periods and overtime.  Ex. A, ¶¶ 31-61.  Therefore, per the allegations in the Complaint, Plaintiff seeks 30 days' wages for each employee whose employment terminated more than thirty days ago during the four year period alleged for the putative class.

17.   There is a three-year statute of limitations for claims seeking waiting time penalties for unpaid wages under Labor Code Section 203.  *See* Cal. Lab. Code § 203 and Cal. Code Civ. Proc. § 338.  However, Plaintiff alleges that, under Bus. & Prof. Code § 17200 *et seq.*, the limitations period is four years and that, since violations of Labor Code sections 201-203 constitute violations of Business & Professions Code § 17200, Plaintiff is entitled to damages for the period starting four years prior to the filing of the Complaint.  Ex. A, ¶ 78.  Defendant disagrees with Plaintiff's theory of recovery but the Complaint makes this allegation.

18.   Over the last four years (from September 30, 2006 through September 30, 2010), there are approximately 250 former putative class members.  Lester Decl., ¶ 10.  The average rate for the putative class is approximately $29.27 from 2006 to 2010.  *Id.* at ¶ 7.  Thus, the penalties sought under section 203 based on a calculation of (average hourly rate ($29.27)) x (8 hours per day) x (# of days before payment (30)) x (250)) = $1,756,200.

19.   Taken together, the potential damages under Labor Code sections 203 and 226(e) alone exceed $4,772,200 ($3,016,000 + $1,756,200).  Plaintiff seeks

NOTICE OF REMOVAL OF CIVIL ACTION

additional damages for alleged failure to provide meal and rest breaks in violation of Labor Code section 226.7 and 512, failure to pay overtime, plus an undisclosed amount for attorneys' fees and costs.[1]  It is more likely than not that the amount in controversy exceeds $5,000,000 because if just any **one** of the following factors is also considered, then the amount in controversy will exceed $5,000,000.  All of these factors can be considered based on Plaintiff's allegations.

### (C) Unpaid Overtime Compensation

20.     Plaintiff alleges that Plaintiff and the putative class members "regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week" and Defendant "failed to pay for all hours Defendants suffered and/or permitted them to work, including for overtime wages owed to Plaintiff and class members."  Ex. A, ¶¶ 36, 37.  Although Plaintiff alleges that Plaintiff and the putative class members "consistently" worked over time, even if the estimate merely was one hour of unpaid overtime compensation per week, the amount in controversy would be the sum of (754) x (4 years of class period) x (48 weeks/year) x (one overtime hour/week) x ($29.27/hour) x (1.5 overtime premium multiplier) = $6,356,039.04.

### (D) Unpaid Meal/Rest Break Compensation

21.     Plaintiff seeks separate payments for 1) denial of meal periods and 2) denial of rest breaks.  Ex. A, ¶¶ 41-61.  The money owed for a missed meal period or rest break is one hour of pay.  Plaintiff alleges the putative class is entitled to one hour of pay at the regular rate for each meal period missed and one hour of pay at the regular rate for each rest period missed.  Ex. A, Prayer for Relief, p. 17.  Based on these allegations, even assuming conservatively that Plaintiff alleges just one missed meal period denied per week to Plaintiff and the putative class members, the money owed for the alleged denial of meal periods would be (754) x

---

[1] The Complaint also appears to allege unpaid straight time wages. Ex. A, Caption page and ¶ 37.

NOTICE OF REMOVAL OF CIVIL ACTION

12830079v.1

1  (4 years of class period) x (48 weeks/year) x (one missed meal period per week) x

2  ($29.27/hour)= $4,237,359.36.  Based on Plaintiff's allegation that the putative

3  class is entitled to premium pay for missed rest breaks, the calculation would be

4  the same for one missed rest period per week.

5  **(E) Attorney's Fees**

6  22.  Although the foregoing alone establishes by a preponderance of the

7  evidence that the amount in controversy exceeds $5 million, Plaintiff also seeks

8  attorney's fees, which must also be taken into account in ascertaining the amount

9  in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

10  1998) (claims for statutory attorney's fees to be included in amount in controversy,

11  regardless of whether award is discretionary or mandatory).  Fees could be as

12  much as thirty percent of the judgment.  *See In re Rite Aid Corp. Securities*

13  *Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal

14  Judicial Center that found a median percentage recovery range of 27-30% for all

15  class actions resolved or settled over a four-year period).

16  23.  Assuming attorney's fees of 25% of an award for just the $4,772,200

17  alleged damages for Labor Code sections 203 and 226(e), then attorney's fees

18  would be $1,193,050, and the total of attorney's fees plus damages for sections 203

19  and 226(e) would be $5,965,250.  Accordingly, it is more likely than not that the

20  amount in controversy exceeds $5,000,000.

21  24.  Because diversity of citizenship exists, the Plaintiff being a citizen of

22  the State of California and the Defendant being a citizen of the State of Illinois, the

23  amount of putative class members is over 100, and the amount in controversy

24  exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28

25  U.S.C. § 1332(d)(2).  This action is therefore a proper one for removal to this

26  Court.

27

28

-10-

NOTICE OF REMOVAL OF CIVIL ACTION

12830079v.1

1

**VENUE**

2    25.    Venue lies in the Central District of this Court pursuant to 28 U.S.C.

3  sections 1441, 1446(a) and 84(c)(2).  This action originally was brought in the

4  Superior Court of the State of California, County of Los Angeles.  *See* Ex. A, ¶ 4.

5

**NOTICE OF REMOVAL**

6    26.    This Notice of Removal will be promptly served on Plaintiff and filed

7  with the Clerk of the Superior Court of the State of California in and for the

8  County of Los Angeles.

9    27.    In compliance with 28 U.S.C. section 1446(a), true and correct copies

10  of all "process, pleadings, and orders" are attached hereto as Exhibits A and B.

11    WHEREFORE, Defendant requests that the above action pending before the

12  Superior Court of the State of California for the County of Los Angeles be

13  removed to the United States District Court for the Central District of California,

14  Western Division.

15

16  DATED: November 8, 2010            SEYFARTH SHAW LLP

17

18                                     By _____

19                                        Eileen C. Zorc
                                          Attorneys for Defendant
20                                        ALLSTATE INSURANCE COMPANY

21

22

23

24

25

26

27

28

## DECLARATION OF EILEEN C. ZORC

I, Eileen C. Zorc, declare as follows:

1.      I am an attorney with Seyfarth Shaw LLP, attorneys of record for Defendant Allstate Insurance Company in this action.  I make this declaration on the basis of my own, first-hand knowledge and, if called upon to do so, could and would testify to the following facts:

2.      Attached as Exhibit "A" is a true and correct true and correct copy of the Summons and Complaint filed in this action in the Superior Court for the State of California, County of Los Angeles on or about September 30, 2010.  The Complaint was served upon Allstate on October 8, 2010.

3.      Attached as Exhibit "B" is a true and correct true and correct copy of the Answer filed in this action in the Superior Court for the State of California, County of Los Angeles on November 5, 2010.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on November 8, 2010.

_____

Eileen C. Zorc

DECLARATION OF EILEEN C. ZORC

12830079v.1

# DECLARATION OF SHERYL LESTER

I, Sheryl Lester, declare as follows:

1.      I am presently employed by Allstate Insurance Company ("Allstate") as a Claims Field Director Business Partner in Human Resources.  I have held this job since 2007.  I have been employed by Allstate since January 1976 and have been in Human Resources since 1989.  I have personal knowledge of the matters stated herein and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.      In addition to having personal knowledge of Allstate's organization as part of my normal business responsibilities, I also have obtained information and reviewed business records concerning the organization of Allstate and the operations of the company.  The information compiled (as set forth in this declaration, below) is based on my personal knowledge as well as the records maintained in Allstate's regular practice and in the course of Allstate's regularly conducted business activity.

3.      For purposes of making this declaration, Allstate requested that I obtain information and review business records concerning its operating activities within the State of California.  As part of obtaining this information, I consulted such business records which included Allstate's payroll database of its employees.  Accessing such information is a part of my ordinary duties.  The information I compiled (as set forth in this declaration, below) was taken from records of acts or events made at or near the time by, or from information transmitted by, a person with personal knowledge, and such records were and are made and maintained in Allstate's regular practice and in the course of Allstate's regularly conducted business activity.

12830079v.1

4.      Allstate is now, and ever since this action commenced has been, incorporated under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

5.      Allstate maintains its national office at 2775 Sanders Road, Northbrook, Illinois 60062-6127.  Allstate's executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general operations of its insurance business.  Allstate's Chief Executive Officer maintains his office in Illinois.  Allstate considers and treats Illinois as its headquarters.

6.      Based on the allegations in the Complaint, Allstate employed approximately 754 employees as Claims Adjusters, or in positions with similar duties, within the state of California in 2010 who may arguably fall within the definition of the putative class as described in Plaintiff Jack Jimenez' Complaint. The turnover rate for this group of employees has remained roughly constant over the alleged class period.  The overall number of Claims Adjusters has decreased since 2006, as the total was approximately 863 in 2006.

7.      The average salary of the Claims Adjuster employees in 2010 is approximately $64,729.60, or approximately $31.12 per hour.  The average salary of Claims Adjuster employees and employees who perform similar duties from 2006 to 2010 is $29.27.

8.      On average, Claims Adjusters work roughly 48 weeks per year.

9.      Allstate pays its employees bi-weekly or 26 times per year.

/ /

/ /

/ /

-14-

DECLARATION OF SHERYL LESTER

12830079v.1

10.    There are approximately 250 former Claims Adjuster employees (or employees who worked in positions with similar job duties) over the past 4 years (from September 30, 2006 through September 30, 2010) in California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed this 8th day of November, 2010, in Irvine, California.

*Sheryl Lester*

SHERYL LESTER

-15-
DECLARATION OF SHERYL LESTER

12830079v.1

# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 29 2010

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Shannya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JACK JIMENEZ; individually and on behalf of other members of the general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court<br>Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**446545** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander R. Wheeler, Esq.; Jason P. Fowler, Esq.;          (661) 949-2595          (661) 949-7524
Kitty Szeto, Esq.; Douglas Han, Esq.
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109, Lancaster, California 93534

| DATE:<br>*(Fecha)* SEP 29 2010 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Shannya Wesley

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

**ORIGINAL**

Alexander R. Wheeler, Esq. (SBN 239541)
Jason P. Fowler, Esq. (SBN 239426)
Kitty K. Szeto, Esq. (SBN 258136)
Douglas Han, Esq. (SBN 232858)
**R. REX PARRIS LAW FIRM**
42220 10th Street West, Suite 109
Lancaster, California 93534
Telephone: (661) 949-2595
Facsimile:  (661) 949-7524

A6024
91763

**FILED**
SUPERIOR COURT OF CALIFOR^
COUNTY OF LOS ANGELES

SEP 30 2010

John A. Clarke, Executive Officer/C
BY _____ Dept.
Shaunya Wesley

*Attorneys for* Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JACK JIMENEZ; individually and on behalf of other members of the general public similarly situated; | Case No.:  **BC 446545** |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | (1) Failure to Pay Wages for All Hours Worked, Including Unpaid Overtime in Violation of California Labor Code §§ 510 and 1198; |
| ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive, | (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); |
| Defendants. | (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| | (4) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
| | (5) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); and |
| | (6) Violation of Cal. Bus. & Prof. Code §§ 17200, et seq. |
| | **DEMAND FOR JURY TRIAL** |

CIT/CASE: BC446545 LEA/DEFM:
RECEIPT #: CCH46598DD13
DATE PAID: 09/30/10 08:33:25 AM
PAYMENT: $355.00
RECEIVED:
CHECK:         355.00
CASH:
CHANGE:
CARD:          0310

1.     This class action is brought pursuant to California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county. In addition, Plaintiff resides in the County of Los Angeles and has worked at an Allstate Insurance Company call center located in the County of Los Angeles for the duration of his employment.

### THE PARTIES

5.     Plaintiff JACK JIMENEZ is an individual residing in the State of California.

6.     Defendant ALLSTATE INSURANCE COMPANY was and is, upon information and belief, an Illinois corporation, and at all times hereinafter mentioned is an employer whose employees are engaged throughout this county and the State of California.

7.     Defendant ALLSTATE INSURANCE COMPANY is a corporation organized and existing under the laws of the State of Illinois, and transacts business throughout the State of California, including the County of Los Angeles.

1

8.     At all relevant times, ALLSTATE INSURANCE COMPANY was the "employer" of Plaintiff and the other class members within the meaning of all applicable state laws and statutes.

9.     Plaintiff is unaware of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 100, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure section 474 once their names and capacities become known.

10.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of ALLSTATE INSURANCE COMPANY and were acting on behalf of ALLSTATE INSURANCE COMPANY at all relevant times.

11.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omission alleged herein was performed by, or is attributable to ALLSTATE INSURANCE COMPANY and DOES 1 through 100 (hereinafter collectively referred to as "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent the official policy of Defendants.

12.     At all relevant times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all timed herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

13.     Plaintiff is informed and believes, and thereon alleges, that Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus, seeks class certification under Code of Civil Procedure section 382.

2

15.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

16.     The proposed class is defined as follows:

> All current and former California-based "Claims Adjusters," or persons with similar titles and/or similar job duties, who work(ed) for ALLSTATE INSURANCE COMPANY within the State of California at any time during the period from September 29, 2006 to final judgment.

17.     Plaintiff reserves the right to establish subclasses as appropriate.

18.     The class is ascertainable and there is a well-defined community of interest in the litigation:

   a.   Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than three-hundred (300) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

   b.   Typicality: Plaintiff is qualified to and will fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest. And, Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

   c.   Adequacy: Plaintiff is qualified to and will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery,

certification, and settlement.  Plaintiff has incurred, and during the
pendency of this action will continue to incur, costs and attorneys'
fees, that have been, are, and will be necessarily expended for the
prosecution of this action for the substantial benefit of each class
member.

d.    Superiority: The nature of this action makes the use of the class
action device adjudication superior to other methods.  The class
action device will achieve economies of time, effort and expense as
compared with separate lawsuits, and will avoid inconsistent
outcomes because the same issues can be adjudicated in the same
manner and at the same time for the entire class.  And, a class
action is superior to other available methods for the fair and
efficient adjudication of this litigation because individual joinder of
all class members is impractical.

e.    Public Policy Considerations: Certification of this lawsuit as a class
action will advance public policy objectives.  Employers of this
great state violate employment and labor laws every day.  Current
employees are often afraid to assert their rights out of fear of direct
or indirect retaliation.  However, class actions provide the class
members who are not named in the complaint anonymity that
allows for the vindication of their rights.

19.    There are common questions of law and fact as to the class members that
predominate over questions affecting only individual members.  The following common
questions of law or fact, among others, exist as to the members of the class:

a.    Whether Defendants paid Plaintiff and class members for all hours
Defendants suffered and/or permitted them to work;

b.    Whether Defendant knew or should have known of Plaintiff's and
class members' time spent working;

4

c.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

d.    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and class members;

e.    Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

f.    Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and class members during their employment;

h.    Whether Defendants failed to pay all wages due to Plaintiff and class members within the required time upon their discharge or resignation;

i.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, but not limited to, section 226;

j.    Whether Defendants failed to pay all wages earned by Plaintiff and class members;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, et seq.;

////

5

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code.

### GENERAL ALLEGATIONS

20.   At all relevant times set forth herein, Defendants employed Plaintiff and class members as non-exempt or hourly paid employees.

21.   Defendants employed Plaintiff Jack Jimenez as a "Claims Adjuster," from approximately 1986 to September 17, 2010 in the State of California. During the class time period, Defendants treated its "Claims Adjusters" as non-exempt, hourly-paid employees.

22.   Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, Defendants were advised by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage law, employment and personnel practices.

23.   Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, without any justification, Defendants ignored the employment and personnel policy changes proposed by skilled lawyers and other professionals, employees, advisors, and consultants highly knowledgeable about California wage laws, employment and personnel practice.

24.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for all work performed, including for overtime compensation.

25.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods in a timely manner or payment of one additional hour of pay

////

6

1  at Plaintiff's and class members' regular rate of pay when they did not receive a timely

2  uninterrupted meal period.

3      26.    Plaintiff is informed and believes, and based thereon alleges, that

4  Defendants knew or should have known that Plaintiff and class members were entitled

5  to receive all rest periods in a timely manner or payment of one additional hour of pay

6  at Plaintiff's and class members' regular rate of pay when a rest period was missed.

7      27.    Plaintiff is informed and believes, and based thereon alleges, that

8  Defendants knew or should have known that Plaintiff and class members were entitled

9  to receive complete and accurate wage statements in accordance with California law.

10      28.    Plaintiff is informed and believes, and based thereon alleges, that at all

11  times herein mentioned, Defendants knew or should have known that they had a duty to

12  compensate Plaintiff and class members, and that Defendants had the financial ability to

13  pay such compensation, but willfully and intentionally failed to do so, and falsely

14  represented to Plaintiff and class members that they were properly denied wages, all in

15  order to increase Defendants' profits.

16      29.    California Labor Code section 218 states that nothing in Article 1 of the

17  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

18  or penalty due to him under this article."

19                    **FIRST CAUSE OF ACTION**

20          **(Failure to Pay Wages Owed in Violation of**

21            **California Labor Code §§ 510 and 1198)**

22                 **(Against All Defendants)**

23      30.    Plaintiff incorporates by reference the allegations contained in paragraphs

24  1 through 29, and each and every part thereof with the same force and effect as though

25  fully set forth herein.

26      31.    California law requires that employees be paid for all hours they are

27  suffered or permitted to work.

28  ////

7

32.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

33.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendant, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

34.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

35.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

36.     During the relevant time period, Plaintiff and class members regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week.

37.     During the relevant time period, Defendants intentionally and willfully failed to pay for all hours Defendants suffered and/or permitted them to work, including for overtime wages owed to Plaintiff and class members.

////

////

8

38.     Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

39.     Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against All Defendants)

40.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39, and each and every part thereof with the same force and effect as though fully set forth herein.

41.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendants.

42.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

43.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

44.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less

9

1   than thirty (30) minutes, except that if the total hours worked is no more than twelve

2   (12) hours, the second meal period may be waived by mutual consent of the employer

3   and the employee only if the first meal period was not waived.

4       45.    During the relevant time period, Plaintiff and class members who were

5   scheduled to work for a period of time no longer than six (6) hours, and who did not

6   waive their legally-mandated meal periods by mutual consent, were required to work

7   for periods longer than five (5) hours without an uninterrupted meal period of not less

8   than thirty (30) minutes.

9       46.    During the relevant time period, Plaintiff and class members who were

10   scheduled to work for a period of time in excess of six (6) hours were required to work

11   for periods longer than five (5) hours without an uninterrupted meal period of not less

12   than thirty (30) minutes.

13       47.    During the relevant time period, Plaintiff and class members who were

14   scheduled to work for a period of time in excess of ten (10) hours but no longer than

15   twelve (12) hours, and who did not waive their legally-mandated meal periods by

16   mutual consent were required to work in excess of ten (10) hours without receiving a

17   second uninterrupted meal period of not less than thirty (30) minutes.

18       48.    During the relevant time period, Plaintiff and class members who were

19   scheduled to work for a period of time in excess of twelve (12) hours were required to

20   work for periods longer than ten (10) hours without a second uninterrupted meal period

21   of not less than thirty (30) minutes.

22       49.    During the relevant time period, Defendants intentionally and willfully

23   required Plaintiff and class members to work during meal periods and failed to

24   compensate Plaintiff and class members the full meal period premium for work

25   performed during meal periods.

26       50.    During the relevant time period, Defendants failed to pay Plaintiff and

27   class members the full meal period premium due pursuant to California Labor Code

28   section 226.7.

51.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

52.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against All Defendants)**

53.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

54.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

55.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

56.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

57.     During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

////

11

58.     During the relevant time period, Defendants willfully required Plaintiff and class members to work during rest periods and failed to pay Plaintiff and class members the full rest period premium for work performed during rest periods.

59.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7

60.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

61.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against All Defendants)

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and class members who are no longer employed by Defendants ////

12

1   their wages, earned and unpaid, within seventy-two (72) hours of their leaving

2   Defendants' employ.

3       65.    Defendants' failure to pay Plaintiff and class members who are no longer

4   employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

5   hours of their leaving Defendants' employ, is in violation of California Labor Code

6   sections 201 and 202.

7       66.    California Labor Code section 203 provides that if an employer willfully

8   fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the

9   employee shall continue as a penalty from the due date thereof at the same rate until

10  paid or until an action is commenced; but the wages shall not continue for more than

11  thirty (30) days.

12      67.    Plaintiff and class members are entitled to recover from Defendants the

13  statutory penalty wages for each day they were not paid, up to a thirty (30) day

14  maximum pursuant to California Labor Code section 203.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against All Defendants)**

18      68.    Plaintiff incorporates by reference the allegations contained in paragraphs

19  1 through 67, and each and every part thereof with the same force and effect as though

20  fully set forth herein.

21      69.    At all material times set forth herein, California Labor Code section

22  226(a) provides that every employer shall furnish each of his or her employees an

23  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

24  worked by the employee, (3) the number of piece-rate units earned and any applicable

25  piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that

26  all deductions made on written orders of the employee may be aggregated and shown as

27  one item, (5) net wages earned, (6) the inclusive dates of the period for which the

28  employee is paid, (7) the name of the employee and his or her social security number,

13

(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

70.    Defendants have intentionally and willfully failed to provide Plaintiff and class members with complete and accurate wage statements.  The deficiencies include, but are not limited to, the following: the failure to include the total number of hours worked by Plaintiff and class members.

71.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights.

72.    More specifically, Plaintiff and class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

73.    Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

74.    Plaintiff and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

/ / / /

/ / / /

/ / / /

14

### SIXTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against All Defendants)

75.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

77.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

78.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring non-exempt or hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring non-exempt or hourly paid employees, including Plaintiff and class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and class members violate California Labor Code sections 201 and 202.

79.   Plaintiff and class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including, but not necessarily limited to, the loss of money and/or property.

15

80.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to Califoria Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class; and

3.     That counsel for Plaintiff is appointed as Class Counsel.

**As to the First Cause of Action**

4.     That the Court declare, adjudge and declare that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

5.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

8.     For such other and further relief as the court may deem just and proper.

////

////

16

**As to the Second Cause of Action**

9.     That the Court declare, adjudge and declare that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and class members;

10.     That the Court make an award to Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

11.     For all actual, consequential, and incidental losses and damages, according to proof;

12.     For premium wages pursuant to California Labor Code section 226.7(b);

13.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

14.     For such other and further relief as the court may deem just and proper.

**As to the Third Cause of Action**

15.     That the Court declare, adjudge and declare that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

16.     That the Court make an award to Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

17.     For all actual, consequential, and incidental losses and damages, according to proof;

18.     For premium wages pursuant to California Labor Code section 226.7(b);

19.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

20.     For such other and further relief as the court may deem just and proper.

////

### As to the Fourth Cause of Action

21.   That the Court declare, adjudge and declare that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and class members no longer employed by Defendants;

22.   For all actual, consequential, and incidental losses and damages, according to proof;

23.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and class members who have left Defendants' employ;

24.   For reasonable attorneys' fees and cost of suit incurred herein;

25.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

26.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

27.   That the Court declare, adjudge and declare that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized wage statements thereto;

28.   For actual, consequential and incidental losses and damages, according to proof;

29.   For statutory penalties pursuant to California Labor Code section 226(e);

30.   For reasonable attorneys' fees and cost of suit incurred herein pursuant to California Labor Code section 226(e);

31.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

32.   For such other and further relief as the court may deem just and proper.

////

////

18

### As to the Sixth Cause of Action

33.     That the Court declare, adjudge and declare that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and class members, and failing to pay Plaintiff's and class members' wages timely as required by California Labor Code sections 201and 202;

34.     For restitution of unpaid wages to Plaintiff and all class members and all pre-judgment interest from the day such amounts were due and payable;

35.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

36.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Califorma Code of Civil Procedure section 1021.5;

37.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

38.     For such other and further relief as the court may deem just and proper.

Dated: September 28, 2010                           **R. REX PARRIS LAW FIRM**

By: _____

Alexander R. Wheeler
*Attorneys for* Plaintiff

19

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of other members of the general public similarly situated, hereby demands a trial by a jury.

Dated: September 28, 2010

R. REX PARRIS LAW FIRM

By: _____

Alexander Wheeler
*Attorneys for* Plaintiff

20

# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 05 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
E-mail: apaley@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
E-mail: sskibbe@seyfarth.com
Eileen C. Zorc (SBN 233797)
E-mail: ezorc@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JACK JIMENEZ; individually and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ALLSATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. BC 446545<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed: Sept. 30, 2010 |

Defendant Allstate Insurance Company hereby answers Plaintiff Jack Jimenez' unverified Complaint as follows:

## GENERAL DENIAL

1.     Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

/ / /

/ / /

12840591v.1

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.    Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code § 200, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing)

9.    Plaintiff is a former employee and lacks standing to seek injunctive relief, and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to, section 558 and California Business and Professions Code section 17200 et seq. because, inter alia, Plaintiff has not suffered any injury in fact or lost money or property as a result of any unfair competition, and/or no penalties are available under the statutes Plaintiff sues upon and/or Plaintiff is no longer employed by Defendant.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing for the Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys fees according to proof;

4.    That Defendant be awarded the costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: November 5, 2010

SEYFARTH SHAW LLP

By _____
Eileen C. Zorc
Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

3
ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On November 5, 2010, I served the within documents: ANSWER TO COMPLAINT

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Alexander R. Wheeler, Esq. (SBN 239541)
Jason P. Fowler, Esq. (SBN 39426)
Douglas Han, Esq. (SBN 232858)
Kitty K. Szeto Esq. (SBN 258136)
R. HEX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534
(661) 949-2595
Fax: (661) 949-7524

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on November 5, 2010, at Los Angeles, California.

_____
Elsa J. Terre

12859557v.1

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )  ss
COUNTY OF LOS ANGELES   )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On November 8, 2010, I served the within documents:

NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATIONS OF EILEEN C. ZORC AND SHERYL LESTER

☐ I sent such document from facsimile machine (310) 201-5219. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

Alexander R. Wheeler, Esq. (SBN 239541)
Jason P. Fowler, Esq. (SBN 39426)
Douglas Han, Esq. (SBN 232858)
Kitty K. Szeto Esq. (SBN 258136)
R. HEX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, California 93534
Tele: (661) 949-2595
Fax:  (661) 949-7524

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 8, 2010, at Los Angeles, California.

_Elsa J. Terre_

Elsa J. Terre

12830079v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 8486 AHM (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.