O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Before the Court is plaintiff Jack Jimenez's ("Plaintiff") motion to remand his putative class action to state court, where he filed it on September 30, 2010. Plaintiff's action seeks relief for alleged violations of various provisions of the California Labor Code, as well as violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).

Plaintiff alleges in his complaint that defendant Allstate Insurance Company ("Defendant") employed him and putative class members as non-exempt, hourly-paid Claims Adjusters. He further alleges that Defendant failed to pay Plaintiff and putative class members straight time and overtime wages, failed to pay meal and rest benefits owed, failed timely to pay wages owed to terminated employees, and provided non-compliant wage statements. The complaint does not state the amount of damages sought.

On November 8, 2010, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. §§ 1332(d)(2), 1441, 1446. On December 8, 2010, Plaintiff moved to remand, arguing Defendant failed to prove the amount in controversy exceeds $5,000,000 for the putative class, as required for CAFA jurisdiction. For the reasons discussed below, the Court DENIES Plaintiff's motion.[1]

---

[1] Docket No. 12.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|

| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |
|---|---|---|---|

## II. LEGAL STANDARD

A federal court has original jurisdiction over a civil matter "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A "corporation [is] deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." *Id.* at 1332(c)(1).

The Class Action Fairness Act (CAFA) provides an additional basis for federal diversity jurisdiction. Section 1332(d)(2), as amended by CAFA, provides, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which — (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). Section 1332(b)(6) provides, "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(b)(6).

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This burden is not met by mere conclusory allegations; the defendant must prove the existence of the jurisdictional amount. *Id.* at 567. In this regard, the defendant must set forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional amount. *Id.*; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Under Ninth Circuit precedent, where the complaint fails to state a specific amount of damages sought, the party seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds the statutory amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|

| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |
|---|---|---|---|

## III. DISCUSSION

In its notice of removal, Defendant devoted more than six pages to establishing the requisite amount in controversy through calculations based on Plaintiff's allegations in the complaint and evidence regarding the putative class members. To support these calculations, Defendant supplied a declaration from Sheryl Lester, a human resources employee of Defendant ("Lester Declaration"). Based on Ms. Lester's personal knowledge and review of relevant business records, the Lester Declaration sets forth the estimated number of putative class members, their average hourly pay, and other relevant information.

The thrust of Plaintiff's motion to remand is that Defendant has failed to carry its burden of proof as to the amount in controversy because it failed to produce the actual business records relied upon by Ms. Lester in her declaration. In the absence of such documents, Plaintiff characterizes Defendant's amount-in-controversy calculations as unsupported guesses. Although Plaintiff admits that Defendant must prove the amount in controversy by a preponderance of the evidence, he nonetheless repeatedly cites to cases involving the "legal certainty" burden of proof applicable only when a complaint filed in state court affirmatively alleges the amount in controversy is less than the jurisdictional threshold. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007). Plaintiff also asserts, incorrectly, that Defendant has "an onerous evidentiary burden on removal and its evidentiary proffer *must* take the form of summary judgment-type evidence . . . ." Motion p. 4 (citation omitted) (emphasis added). To the contrary, if the amount in controversy is not "facially apparent" from the complaint, the Court "*may* require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Abgrego*, 443 F.3d at 690 (quotation marks omitted) (emphasis added).

Where, as here, a defendant must prove the amount in controversy by a preponderance of the evidence, a declaration or affidavit may satisfy the burden. *Lewis v. Verizon*, 2010 WL 4645465, *1 (9th Cir. Nov 18, 2010) ("To satisfy its burden in this case, the removing defendant . . . supplied an affidavit to show that the potential damages

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden.").

     The Court finds that Defendant has met its burden of proving the requisite amount in controversy by a preponderance of the evidence. Ms. Lester, a human resources employee of Defendant, declared that she had personal knowledge of the facts set forth in her declaration, which included the approximate number of Claims Adjusters, their average salary, amount worked per year, and other relevant information. Ms. Lester established a sufficient foundation for her testimony, particularly at this early stage of the litigation, by declaring that her knowledge was based on her normal business responsibilities and her personal review of Defendant's business records. There is no need, under the circumstances presented, for Defendant to provide the business records themselves.

     Finally, Defendant's calculations are reasonable and conservative, based on Plaintiff's allegations and the facts in the Lester Declaration. As to Plaintiff's claim for unpaid overtime compensation, for example, Plaintiff alleges that he and the putative class members "regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week" and that Defendant "failed to pay for all hours Defendants suffered and/or permitted them to work, including for overtime wages owed to Plaintiff and class members." Compl. ¶¶ 36, 37.

/ / /

/ / /

/ / /

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

Based on this allegation of "consistent" overtime work, Defendant estimated one hour of unpaid overtime compensation per week for each putative class member and arrived at a figure of $6,356,039.04 for the class period. Notice of Removal p. 9. Even if Defendant's estimate is halved to one hour of unpaid overtime every two weeks, the total amount in controversy easily exceeds $5,000,000 when Plaintiff's other claims and attorneys fees are included. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) ("Since Defendant's calculations were relatively conservative, made in good faith, and based on evidence wherever possible, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."). Further, "[t]here [is] no contrary evidence . . . and no allegation that Plaintiff [seeks] less than $5 million." *Lewis*, 2010 WL 4645465 at *4.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to remand is DENIED.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

:

Initials of Preparer      SMO