O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Before the Court is defendant Allstate Insurance Company's ("Defendant") motion to dismiss plaintiff Jack Jimenez's ("Plaintiff") complaint for failure to state a claim or, in the alternative, to dismiss or strike the class allegations from the complaint.[1] Plaintiff's action seeks relief for alleged violations of various provisions of the California Labor Code, as well as violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).  Defendant filed its motion, styled as a Rule 12(b)(6) motion to dismiss, after it had answered Plaintiff's complaint.  Per the Code of Civil Procedure, a Rule 12(b) motion must be filed prior to filing a responsive pleading such as an answer.

---

[1] Plaintiff's argument that the Court should not consider Defendant's motion because it violated Local Rule 7-3 is without merit.  Plaintiff claims that, because Defendant answered the complaint prior to filing its motion to dismiss, Defendant's motion is not properly a Rule 12(b) motion and is subject to a 10-day meet and confer period under Local Rule 7-3.  While it is true that a motion to dismiss must be filed before answering a complaint, the Court will simply treat Defendant's motion to dismiss as a motion for judgment on the pleadings.  Regardless, Defendant first met and conferred with Plaintiff regarding its contemplated motion to dismiss on October 18, 2010 and did not file its motion until November 15, 2010.  Declaration of Sheryl Skibbe ¶ 2.  Plaintiff's argument that this initial effort to meet and confer somehow does not "count" in the Local Rule 7-3 calculus because the case had not yet been removed to federal court is also without merit.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

Fed. R. Civ. P. 12(b). Accordingly, the Court will treat Plaintiff's motion as a Rule 12(c) motion for judgment on the pleadings. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading. . . . Here, the Defendants filed their motion to dismiss after filing their answer. Thus, the motion should have been treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) . . . ."). The standards for the two motions are essentially the same. *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).

Plaintiff alleges in his complaint that Defendant employed him and putative class members as non-exempt, hourly-paid Claims Adjusters. He further alleges that Defendant failed to pay Plaintiff and putative class members straight time and overtime wages, failed to pay meal and rest benefits owed, failed timely to pay wages owed to terminated employees, and provided non-compliant wage statements.

For the reasons discussed below, the Court GRANTS Defendant's motion, but with leave to amend.[2]

## II. LEGAL STANDARD

After the pleadings are closed but early enough not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on a Rule 12(b)(6) motion; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchey v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

The Supreme Court's recent holdings regarding the pleading standard under Rule

---

[2]Docket No. 7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

8, although addressed in the Rule 12(b)(6) context, are equally applicable to motions for judgment on the pleadings under Rule 12(c). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, — U.S.—, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III.   DISCUSSION

Defendant argues that Plaintiff's complaint is deficient because it contains nothing more than conclusory statements and recitals of elements of a cause of action. In support of its argument, Defendant cites to numerous district court decisions, from within and without the Ninth Circuit, analyzing similar wage-and-hour complaints and finding them lacking under Rule 8. *E.g. DeLeon v. Time Warner Cable LLC*, 2009 U.S. Dist. LEXIS 74345 (C.D. Cal. July 17, 2009) (Guilford, J.) (Granting Rule 12(b)(6) motion because "Plaintiff simply parrots the statutory language. . . . If Plaintiff wishes to survive a motion to dismiss, Plaintiff must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendants are liable for the claims alleged by Plaintiff."); *Harding v. Time Warner, Inc.*, 2010 WL 457690 (S.D. Cal. Jan. 26, 2010) (granting Rule 12(b)(6) motion). Plaintiff, in turn, cites to competing district court decisions holding that particular wage-and-hour complaints do pass muster under Rule 8. *E.g.*, *Whitaker v. Countrywide Financial Corp.*, 2010 WL 4537098 (C.D. Cal. Nov. 1, 2010) (Snyder, J.) (Denying Rule 12(b)(6) motion because "Defendants have been given fair notice of plausible claims against them."); *Flores v. EI Maintenance Co.*, 2010 WL 1010013 (N.D. Cal. March 18, 2010) (denying Rule 12(b)(6) motion). Of course, district court decisions are merely persuasive and not binding on this Court.

Here, Plaintiff alleges Defendant employed him in California as a non-exempt, hourly-paid Claims Adjuster from approximately 1986 to September 17, 2010. Compl. ¶¶ 21. The remainder of the allegations in the complaint, however, are devoid of factual content and consist of conclusory statements and recitations of statutory language. As an example, Plaintiff alleges the following as a basis for his first cause of action for failure to pay straight time wages and overtime wages:

> During the relevant time period, Plaintiff and class members

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

> regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week. During the relevant time period, Defendants intentionally and willfully failed to pay for all hours Defendants suffered and/or permitted them to work, including for overtime wages owed to Plaintiff and class members. Defendants' failure to pay Plaintiff and class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

Compl. ¶¶ 36-38.

The Court has no quarrel with Plaintiff's argument that "Rule 8 'notice' pleading standards still apply." Opposition p. 7. But the Supreme Court has made clear that a pleading does not comport with Rule 8 if it contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555. The Court accepts as true Plaintiff's allegations that he worked for Defendant as a Claims Adjuster for a given period of time. The rest of the allegations in Plaintiff's complaint, however, are not entitled to a presumption of truth because they are mere conclusions and unsupported assertions. As such, Defendant is entitled to judgment as a matter of law.

/ / /

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

      As in *Iqbal*, the Court here does not "reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 129 S.Ct. at 1951. To survive a motion to dismiss, Plaintiff must allege some non-conclusory allegations in order to "nudge[] [his] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 547.[3]

## IV. CONCLUSION

      Based on the foregoing, Defendant's motion is GRANTED with leave to amend.[4] If Plaintiff chooses to amend, he must file his amended complaint within 21 days of the date of this order.

      No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

---

[3] The plaintiff in *Harding*, for example, filed a second amended complaint, which the defendant answered, that included allegations relevant to specific claims such as, "[a]pproximately two to three times a week Plaintiff did not receive his scheduled ten minute rest break. Specifically, there were instances where Defendants' deficient staffing made it impossible to take a break." 09-CV-2438 AG (Docket No. 26).

[4] Defendant moved to dismiss Plaintiff's complaint as a whole or, in the alternative, to dismiss or to strike only the class allegations. The Court need not reach the class-allegations aspect of Defendant's motion but, anticipating that Plaintiff will file an amended complaint, the Court notes its agreement with Plaintiff's position that the propriety of class allegations should be addressed through a motion for class certification, not a motion to dismiss or to strike.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8486 AHM (FFMx) | Date | January 7, 2011 |
|---|---|---|---|
| Title | JACK JIMENEZ v. ALLSTATE INSURANCE COMPANY, et al. | | |

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | SMO |